Good morning and may it please the Court, Karen Baumholtz on behalf of Appellant CHS Health Care Management and CHA Hollywood Medical Center. I'm here with my co-counsel, Mark Kempel, and we want to thank the Court for granting us the priority this morning so that he could be here. If I may, I'd like to reserve five minutes for rebuttal. Keep your eye on the clock. It counts down. This Court granted Appellant's petition for permission to appeal because there's an important CAFA-related issue in this case, and I don't want to lose sight of that as we go through our remarks today. This is a case of, first, an important impression for this Court. As this Court is aware, CAFA significantly changed the landscape of federal court jurisdiction and removal jurisdiction, and most critically for the issues presented today, CAFA altered traditional diversity requirements by creating a mechanism whereby 100 putative class members with an aggregate total of at least $5 million could remove the action to federal court and the original jurisdiction would exist. And Congress legislated that that would happen under conditions where there was minimal diversity as opposed to traditional diversity. And, of course, what that means is that one of any one from 100 to 100,000 class members be diverse from a single defendant. That's, of course, what brings us here today, and it truly is different from traditional diversity. Except the problem you're presenting to us is not specific to CAFA. I don't mean to minimize the problem. It's an important question. The question is what happens when you discover on your own the fact that there's sufficient diversity to remove and you've not received the information in a, quote, paper given to you by the plaintiff. Right. That's not specific to CAFA. It is not specific to CAFA, although what is unique about it, and in all the cases the parties have cited to the Court and all the cases we've been able to find, this issue really hasn't actually been presented in the traditional context. That's right. I struggled to find a case. Your brief keeps talking about the cases are legion, da, da, da, da, da, and I keep reading the cases you cite to me, and none of them actually present the problem that we've got here. Right. Let me go ahead. So why does your brief keep telling me that the cases are all over the place going your way because they aren't? Well, the cases... They're not against you, either. They just don't exist. Right. And the cases are legion that say we can come forward with evidence. The cases are legion that say that we don't have to rely necessarily on a paper. And let me dive right into that because, obviously, the fundamental question for this Court is, are there two and only two opportunities for a defendant to remove? And a handful of district court cases are beginning to so hold, but they all trace back to the Harris decision by this Court in 2005. So what I want to do is start with Harris and explain why the language that we see in Harris that the district courts are relying on and that the plaintiffs relied upon here does not actually answer the question. And my understanding, the courts recognize that no case is really answering this question. It's important... Why don't you start with the words of the statute first, though? And the statute says 30 days after receipt by the defendant through service or otherwise. So the court has reminded us several times that otherwise has to be in the context of the rest of the words. So it would have to be service or a filing that was filed and served on him through filing. Nothing was served on you, was it? Well, if something like that is required, then yes, I would submit that we were served with something. Well, you were served initially with the initial pleading. Right. But I mean after that. After that, if some sort of paper from someone on the left side of the V in this case was required... Well, the paper is obviously somebody in some legislative committee didn't have a clue about civil procedure, so they used the word paper. But what has to be meant by that is a filing, doesn't it? It does not. And let me give you some examples. Some of the cases, for example, have said that a deposition in the case would be enough. And even if the paper transcript of the deposition is never provided. Here, we had a declaration provided to us by an absent class member. Now, keep in mind, we're dealing with a class of, in our case, 400 to 500 individual people. And in some of these cases, you look at Abrego, Abrego, you have thousands of class members. So we have a declaration given under oath, signed on August 15th, and provided to us. And within 20 days, we remove. Provided in what form? In paper form. By whom? By the absent class member, Ms. Takpas. Right. But the language that Judge Lucero just read makes it pretty clear to me that what the statute has in mind, that whatever it is, and paper kind of comes at the end of the list, that is that it be provided to the defendant by the plaintiff, by service or otherwise. Okay. And so I think what we. . . I don't think you come within the normal reading of that language. I would agree with you, except that's not exactly the language of the statute. So let me. . . The language is after receipt, which is even harder for you to meet. Let me start by backing up. Because you actually have to look at B-1 and B-3 together. Section B-1 does not deal with whether initial pleading shows that jurisdiction is proper. It simply says a defendant shall remove within 30 days of receipt of the initial pleading. Okay. We know that's the case. So we move to Section B-3, and we learn about what happens if the initial pleading does not reveal the basis for jurisdiction. Did the fact that I didn't remove in the first 30-day window mean that I can never remove, even though B-1 says that I shall remove within 30 days? No. Section 3 says, in effect, don't worry, you can still remove, but if you receive another paper in the case, if you receive an amended pleading, a motion, an order, or other paper, and the language of the statute is after receipt by the defendant through service or otherwise of any one of those things, from which it may first be ascertained that the case is one which is or has become removable, that language is important because it recognizes that a case may be removable at any point in time, but that these pieces of paper may simply reveal it. That was the error in Harris, of course. Harris read that language in a vacuum. Well, don't do that. You don't want us to have to go on bonk. I think you want to say the language in Harris is susceptible to a different interpretation. Absolutely, and that really is what I'm intending to say. Harris, of course, did not answer this question. That was not the question in front of the court. Exactly. It was not the question in front of the court, and so the district court's reliance on the interpretation of this language has no meaning. It's that not-removable language and may-be-removed that caused the Harris court to sort of see that. Let me ask you a different question. I think your argument is, and I'm picking this argument out of your brief, it's not quite what you've said so far, but you're sort of getting there. It is that this 30-day provision about having a receipt on paper and so on is a time limitation. That is to say, if the defendant receives one of these things, a piece of paper or whatever, they've got 30 days to remove on pain of losing it, but it's only something that tells you the circumstances under which you might lose the right to removal. The right to removal preexists, and it may even come out of 1441, and so you can come in with information that you yourself have discovered at any time, so long as you've not lost out on one of these 30-day deadlines, either because it was apparent from the face of the complaint or because it was apparent from one of these things that you got. That's your argument. That is exactly right, Your Honor. That's your argument. That means that you can hide in the bushes for a very long time, so long as the plaintiff doesn't show it in the complaint and doesn't hand you a piece of paper or give it to you in a deposition. You can just sit on that information that you yourself have discovered, and if it's not a CAFA case, you can't sit for longer than a year because there's an outside limitation, and as your brief says over and over again, there's no time limitation in a CAFA case. So how do I deal with that practical problem of you hiding in the bushes? Not you because you didn't hide in the bushes, but a hypothetical you has this information, waits for two years, you're on the eve of some critical thing, or all of a sudden it looks as though the state court judges kind of decided that your case isn't much good, and now you're removed. I have three, maybe four, although you've already picked one off, responses to that, Your Honor. The first is that there are decades of cases that say we do not get into a defendant's subjective knowledge, even in the traditional case where we're talking about a paper. I understand that. I've got a practical problem. How do I read this rule so as to prevent that sort of gamesmanship on the part of the defendant? Not you because you moved promptly, I understand, but the hypothetical defendant playing games. Practically speaking, there's only a couple of things the court probably could do. If it were demonstrated down the line that the defendant had actually received objectively verifiable information in the form of a paper, and that deadline had begun to run, then there would likely be remedies, motions for reconsideration and that sort of thing to the trial court. But then you're talking about because an actual paper as referenced by the statute has been served to trigger that deadline that the court was discussing. No, no, I'm hypothesizing that you can't come in under the language because you didn't get it from the plaintiff. Right, and the answer is there may not be a practical way to deal with that problem, but Congress over and over again and the courts over and over again have said that that is something we're willing to accept. I think Congress should think about it. Especially in the CAFA context where the legislature intended to expand the federal court's jurisdiction, make it easier to remove, make it easier for the federal courts to take over these abusive class actions. Keep in mind, the flip side is always true for the plaintiff. How do we deal with the practical problem that, let's say in this case, the named plaintiffs know that their friend Daisy Takbis has moved to Nevada and probably that there's a basis for federal jurisdiction? Look at Harris. In Harris, the plaintiff knew, you could infer that the plaintiff knew that one of the defendants was dead and he was never going to proceed against them. Okay. And that diversity. That may be your answer to my question, that if the plaintiff knows this and it wants to prevent the sort of delayed hide in the bushes, all the plaintiff needs to do is to hand over a declaration from them for Ms. Takba. That was going to be my very next point, which is if the plaintiff wants to accelerate, the plaintiff can accelerate. All they have to do is serve a paper saying there's a basis for federal jurisdiction. If you're going to remove, you're on the clock. And keep in mind also that when Congress eliminated the outside requirement of the one-year deadline for traditional cases, it contemplated that these cases might go on for a long time before the defendant would actually remove. What do we do with the SWS Erector's case out of the Fifth Circuit? Is that consonant with what you're telling us or does it require another answer if we follow that case? I apologize, Your Honor, if I may just take a moment to find that case. It looks as though we're going to eat into what you're trying to preserve as your rebuttal time. Don't worry. Just answer the questions and we'll make sure you get a chance to respond. Your Honor, SWS Erector's was a deadline case. The question in SWS Erector's was, much like Harris and all the other cases that  had the deadline to remove, commenced and run, such that the defendant was out of time to remove. Did the defendant there have an obligation to remove? It didn't answer the question presented here, which was, is there a right? And, yes, Your Honor, Judge Fletcher, we're exactly right. Section 1441 is what grants defendants the right to remove if there's original jurisdiction. These cases don't deal with that question. SWS Erector's deals with had that deadline run, just like all of the other ones do. As I recall in that case, there's nothing to have been served by the plaintiff or otherwise making the deadline start to run. That's exactly right. And that was the same thing in all of these other cases. I've got another question for you, and, again, it's a practical question. It seems to me from the affidavit that you've got from this woman who's now clearly a say you've shown minimal diversity. On the other hand, the next move, assuming that you can present this as the basis for removal, the next move, obviously, is the plaintiff's going to come in and show home state exception, because all they need to show is that two-thirds of the class are domiciliaries of California. Given the nature of this case, it's inconceivable to me that they can't show that. So why are you removing? Is this just a game? No, Your Honor. And the answer to that is, especially when you think about nurses, I don't know if the court has nurses in the family or knows nurses, but they move a lot. They tend to move from one state to another. I don't know, sitting here today. How far back does the class go? How far back in time? 2006, I believe, Your Honor. I'd have to check that. It's a lengthy three- or four-year period, depending upon your reading of various defenses we might have. A lot of these people would have moved. But right now, the only one that we have that we can affirmatively show who is domiciled elsewhere. Well, what you've done is you've now imposed an enormous burden upon the plaintiff to show that there is a domiciliary class with two-thirds of them in the state of California. And you can do it by various means. You can do it by sampling. The Seventh Circuit has suggested that. They can do it by specifying that the class is everyone now citizens of the state of California. They can do it in various ways. I mean, lawyers play games. That's what you're paid to do. I'm just trying to figure out what the game is here. Your Honor, respectfully, we don't play games. No, you should. That's your job. Our job is to do the best job we can for our client. And my answer to your question is twofold. One is that Congress recognized this, and this is what they've determined is the right thing. The right thing is that we want to open the doors to federal courts. And if there's some exception that may allow a district court to abstain from exercising that discretion, then they can. Actually, my response is threefold. Two is that the plaintiff has said at this point, I have no evidence to meet that burden. I suspect they're going to try and find some. They may, they may not. And here's why they may not. All we're talking about here is where their case is going to be heard. It's not dispositive. It doesn't end the case. It's just, is it going to be heard before Judge Wright in the district court, or is it going to be heard in the state court? This doesn't end the case. It merely says who's going to hear it. So although we have some, I hear the Court's concerns about these various policy issues that may be implicated. Congress has considered them and concluded that this is more important, that we be able to seek a federal forum in these cases, and that there are avenues, if the plaintiff truly, truly doesn't want to stay in federal court, that they can. Okay. Why don't we hear from the other side, and we will give you a chance to respond. Thank you, Your Honor. Good morning. My name is Louis Marlin. I'm with Marlin and Saltzman, representing the athlete in this matter. And first of all, I apologize if I stumble a little bit. I am taking over this case for another attorney. So I basically got this yesterday. Oh. So, but I think I do understand the issues, and I certainly do not mean to sound smarmy when I agree with Judge Wright. I agree with you that that phrase, which I never would have used, hiding in the bushes, applies to this case. The argument that my colleagues on the other side are making is very simply that if they don't look for evidence, if they stand back and wait, they can stay in the state court and wait and watch and see how the state court judge rules. And if that state court judge rules or looks like he or she is going to rule in a manner that is adverse to them, they file, they get, they obtain and file a document and then remand. Yeah, although that's the hypothetical defendant. These defendants didn't do, this defendant didn't do that at all. That's right. They did not, and I absolutely do not speak poorly of these fine people in any way. Well, you're asking us to decide a case maybe that's not in front of us, aren't you? Well, I don't agree with that respectfully for this reason, that in this case, although they have a declaration dated on August 16, 2012, we don't know when they first obtained the information from Ms. Tactus. We don't know if this is version 1, 2, or 3 of her declaration. Do you have anything to suggest that it's not? I do not. I have no knowledge of that, and that's the whole basis, Your Honor, of the problem. The problem is that it is something that they say that they can't. So what you're saying is no paper is trustworthy? I am saying, Your Honor, that the statute in question, 1446, speaks of a paper received by the defendant, and I think a clear and concise reading of the statute is that would be a paper received from the plaintiff. And I think that although this is not strictly a CAFA question, that issue is, in fact, addressed directly in 1332d7, which is the part of the CAFA statute where ---- Are you saying that under no circumstances can information discovered by the other side be used in this context? I am. Period. Yes, I am. Now, doesn't that open the door for very artful pleading in the first instance that disguises whether this case is removable, and then simply the studied refusal to serve any paper at all, which might indicate to the contrary? I mean, it seems to me that it gives the plaintiff an opportunity to hide in the weeds and avoid any possibility of removal. I think that it does to an extent, and the point is, though, that we have here two periods. And the second period is addressed by Congress to deal with that very issue. And that can only be triggered by something that you do. Or something that is filed within the context of the litigation. By you. Yes, Your Honor. So that gives you the opportunity to file nothing and then defeat removal. Well, Your Honor, if we ---- there has to be an assumption that we are acting honorably and ethically. If a document is ---- That you're being honorable and ethical. No, I'm not saying I don't trust, by the way, the data on their paper. We're talking about hypothetically. They're unable to trigger this by doing any investigation whatsoever, so long as you don't file anything that can be used as another paper. I do think that's Congress's intent. I do think that intent is very clearly set for ---- What would be the purpose of something like that? To enable you to hide in the weeds, as Judge Fletcher calls it, and disable them from availing themselves of the opportunity to remove. Your Honor, there's no perfect statute. The statute is not perfect. But by having two periods of time in it, that second time that gives the defense an opportunity if a later paper is filed by us, at least addresses this issue. And again, I would refer the Court, if I can, to 1332d7, which addresses who has to file the paper to establish jurisdiction. That statute says by the plaintiff. It doesn't say by the defendant. It says by the plaintiff. So it says ---- Counsel, let me ask you this. Under Harris, there's an obligation on the part of the defendant to investigate jurisdictional facts, correct? No, I must be misunderstanding Harris. I don't think the defendant has that obligation to investigate jurisdictional facts on its own. And I think Harris talks about the fact that jurisdiction is not based on defendant's subjective investigation. I may be wrong. I apologize. Well, the Harris case, as I read it, presented the question of whether there was a duty to investigate jurisdictional facts. And the Court essentially held, and I think this is a quote, that the notice of removability is determined through the examination of the four corners of the applicable pleading, not through some subjective knowledge or duty to make further inquiry. But if the defendant knows upon cursory examination that the complaint is wrong, what does the defendant do under those circumstances? I think the defendant cannot do anything under that circumstances based on the four corners of the complaint. I am not saying this is a perfect situation. So then Judge Trott is right, that the statute really is just a lot of meaningless nonsense. I don't agree that it's meaningless nonsense. If you look in this case, the case that's before this Court, at 1332d7, which specifically says that a document establishing the jurisdiction of any class member must be one served by the plaintiff and received by the defendant. That's the statute. That's Congress's intent. 1337d7. And I think because this is a CAFA case, that is goes right to the heart of this case. And I think 1332d7 also explains how 1446 is to be used. In a sense, the real bite for the question that we're dealing with is in the non-CAFA case. That is, in a diversity case or a case that could be a diversity case and could be removed, you can't remove it after a year, period, unless you can show bad faith on the part of the plaintiff. Correct. That means, then, that if your reading of the rule on these 30-day deadlines is true, if the plaintiff threw – I won't say the complaint is artful pleading because the plaintiff's just filing in state court. There's no reason at all for the plaintiff to put in the jurisdictional things. And then if the discovery goes on for a year for maybe no fault or particular – maybe you can't prove bad faith, no piece of paper is handed over that shows the existence of diversity on the basis of removal. Game's over. You can't remove it. Now, that seems to me an undesirable state of affairs if the defendant can readily discover on his own that there is diversity jurisdiction and the only thing that prevents him is that the plaintiff hasn't handed anything over because at the end of the year, he's just plain stuck. That seems like a really bad way to read the rule. Well, I think that it may – I don't know if it's a bad way to read the rule. I think you have to read the rule the way that Congress wrote it, and I think that is the rule that Congress wrote. And in that situation where you have the one-year deadline, yes, I think the defendant does have some type of – there is, I think, frankly, despite all the cases, so that's not a good argument to make, but I think, frankly, despite all the cases, there should be an affirmative duty on the part of the defendant, is my opinion, to investigate if they wish to remove a case to Federal court, especially in this kind of a case. But assuming they do investigate and they determine facts, the defendant determines facts that the case clearly is removable, what does the defendant do at that point under a proper reading of the rules? Can a defendant ever remove the case? Well, under – speaking on my feet, the first thing I would do as a defendant is probably propound some discovery to see if the plaintiff would in fact file a document which acknowledges the facts that I think I've uncovered. And there's all sorts of discovery that could be done that then says, okay, did the plaintiff respond to this? All right. So a request for admissions, some other appropriate – you're saying, then, that the defendants failed here because they failed to proper – to file proper procedure. Yes. I – well, first of all, I clearly feel that because this is a CAFA case that what was done here does not meet the requirements under any circumstances under 1332d7 and under 1446. Isn't the answer to your problem with the data on the document that that's something that could be thrashed out by the district court when the motion is made? Yes. But here, this is exactly the issue. And I do believe Harris addressed this. The – then we are now going to have many trials on removal issues. And so what's the next step in this case? We all trek to Nevada and we take Ms. Takpas' deposition and we find out when she first had contact – Well, you know, we can – we know a lot from the dates that we have. The first amended complaint, which is, I think, the first time this corporation is named as a defendant – That's correct. Was filed on May 24, 2012. The declaration of Daisy Takpas is dated the 15th of August, 2012. They moved pretty fast. So even if they – let's assume the complaint is filed on the 24th. Let's assume that on June the 1st they figure out that they got her. I doubt they went so fast as that. But, you know, there's no unconscionable delay here. This was quick. I'm not – Your Honor, again, I am not ascribing any bad motives or bad actions to my opposition here. But let's take your example. So on June 1st they learned from Ms. Takpas that she is now a domiciliary of the State of Nevada. Right. And they filed their motion – excuse me, they removed the case on September 4th, which is a little more than three months later. That does not meet the statutory requirement. Congress has said it's 30 days. Congress hasn't said it's 150 days. In your view it doesn't meet the statutory requirement because they didn't receive it from the plaintiff. Right. Yes. That is definitely our basic view. But in your view – but if you're saying, well, they missed the deadline, that's a different question. Your view is the deadline doesn't apply because the provision doesn't apply because they didn't get it from the plaintiff. Well, our argument to be two-faced is twofold. We argue both of those positions, and either one of those positions supports us. And fortunately or unfortunately, I think I get to say I think that we're right in both – in both circumstances. But again, you know, I listened to this Court's colloquy with opposing counsel where he said this is not a – you know, the issue is not a CAFA issue. But the issue is a CAFA issue. Well, it's not unique to CAFA. It shows up in all of the diversity cases. Yes. I agree, Your Honor. But in this case that is before this Court, 1332d7, specifically says the paper must come from the plaintiff. It says – it doesn't say a paper must be received. The language of that says receive from the plaintiff. There was no paper received from the plaintiff here. The language is citizenship of the members of the proposed plaintiff classes shall be determined for purposes of paragraphs 2 through 6 as of the date of filing of the complaint or amended complaint or – and this is the or – if the case stated by the initial pleading is not subject to Federal jurisdiction as of the date of service by plaintiffs of an amended pleading motion or other paper indicating the existence of Federal jurisdiction. That's what the statute says. That's this case. We can certainly argue that there may – it may be unfair. I'm not going to stand here and say it's perfectly fair. It's what Congress decided is the way Congress wants this done. And I think that – Well, I suppose you would say Loudermilk is dispositive that you can control the venue that you're in. Yes. But is that true even if the jurisdictional facts from the get-go demonstrate to the contrary? I think, Your Honor, if there is a bad – if there is bad faith on the part of a plaintiff that that should somewhere along the line create an exception to what we're speaking of. There is – I hope they are not indicating there's any bad faith on our part in this case, because I don't believe there is. I have to say, I mean, all I've done to read the papers, I see no bad faith by either side in this case. Neither do I, Your Honor. Yeah. If there's nothing further, with 26 seconds left, I thank you very much. Thank you. Let's put one minute on the clock and see what happens. Thank you, Your Honor. Section 1332d7 deals with the date on which you determine citizenship. It doesn't deal with the paper that you get. It shall be determined as of the date of the filing of the complaint, or as of the date. What say you to the proposition that upon the discovery of facts that you contend make the case removable, that you then should proceed to file a request for admissions or a set of interrogatories on the plaintiff, the answers to which will constitute the filing that you rely on? I say this, Your Honor. In the traditional context, that may make some sense. The question we're presented with here, though, we could not get from the plaintiff. We're dealing with the citizenship of an absent class member. Determining citizenship, of course, requires the court to determine a subjective component. Does that absent class member have an intent to stay indefinitely in another state? If we proposed a request for admission on the plaintiff in this case and said, admit that Daisy Takbis is a citizen of Nevada, they would say we're without sufficient information to admit or deny. Unless you send the declaration along with your question. I think the more likely answer to those, we'd probably still get we're without sufficient information. But the point is this. We've got a declaration that's signed under oath. It's no different than a deposition. And it's the kind of thing we're not going to ever get from the plaintiff. That's what's so unique about this case and what's so unique about CAFA. The idea that we can't. You could then file a traducive affidavit and say here's the information and now there are filings in the court. Does the court mean that we would file that in the state court? No. You'd be filing it in the state, in the federal court. That's what we did here. That's exactly what we did here. And so then the federal court. So you say that you did file these documents? Yes. We filed these documents in opposition to the notice of removal. Keeping in mind this is a procedural issue, not a jurisdictional one. All we have to do is give a short and plain statement in the notice of removal. When they challenge it, we put forth evidence. Noting that, I had overlooked. So summarize for us one more time how you want us to read this statute. Your Honor, I would read section 1446 as imposing two 30-day deadlines within which a defendant is required to remove if certain events happen. 1441 is what gives a defendant the overarching right to remove. And 1446 is what imposes deadlines. We're here because there's no question that the federal court has jurisdiction over this case. We know it. The plaintiff knows it. The plaintiff knows we know it. And yet the plaintiff's position in the district court's decision here would say exactly what plaintiff doesn't want to have happen. You must sit on this information until we give you something admitting facts we can't even admit. That's what we'd ask the court to do. We'd ask the court to reverse and thank the court for its time. Unless the court has no further questions, we would submit. Okay. Thank both sides. Very nice arguments. Tricky case. Thank you. Good arguments on both sides. Roth v. CHA Hollywood Medical Center submitted for decision. The next case on the argument calendar this morning, Espinosa-Gonzalez v. Holder.
judges: Trott, Lucero, Fletcher